(26 App. Div. 588.)

## McCARTHY v. HILLER.

(Supreme Court, Appellate Division, Second Department. March 22, 1898.)

JUDGMENTS—RES JUDICATA—MATTER NOT IN ISSUE.

A judgment canceling a conveyance of real estate for fraud on the part of the grantee was no bar to an action for the recovery of rentals collected by him while in the fraudulent possession of the property in question, where it did not appear that such issue was involved in such previous litigation.

Appeal from Kings county court.

Action by Daniel McCarthy against George Hiller. From an order of the county court affirming a judgment in favor of plaintiff, in justice's court, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Louis J. Altkrug, for appellant.
J. Worden Gedney, for respondent.

WOODWARD, J. In the year 1895 the plaintiff in this action was the reputed owner of a house and lot on Fulton street, in the city of Brooklyn, and the defendant claimed to own a house and lot at No. 141 Osborne street, in the same city. Both of these pieces of property were admitted to be incumbered, but, taking values into consideration, they were about equal, and an exchange was effected, the plaintiff delivering a warranty deed with full covenants, the defendant doing likewise, and both parties entered into possession. Afterwards the plaintiff discovered that there were certain liens upon the property deeded by the defendant, and he brought an action in the supreme court to have the Fulton street property restored to him, on the ground that the transaction was fraudulent. The facts were established on the trial, and the court rendered its judgment, directing that the deed conveying the Fulton street property should be canceled of record as fraudulent and void. Some time subsequent to the securing of this judgment the plaintiff began the action now under consideration, to recover the sum of $135 for rentals collected by the defendant during the time that he was fraudulently in possession of the Fulton street property. The defendant, an-

swering, admitted the facts alleged in the complaint, but pleaded as a defense that, the matter having been previously before a court of competent jurisdiction, the plaintiff was estopped from bringing this action for further relief. There is, therefore, but one question to be determined, and that is whether the judgment in the action brought to restore the plaintiff to his rights in the Fulton street property is a bar to an action for rentals collected by the defendant while in the fraudulent possession of the property of the plaintiff. It is urged in behalf of the defendant that the plaintiff having been before a court of equity, and having established facts which would have justified the court in ordering an accounting for the rentals, a failure to ask for this relief is a bar to the present action, and in support of this contention the language of the court in the case of Griffin v. Railroad Co., 102 N. Y. 449, 7 N. E. 735, is quoted, as follows:

"The rule is well settled that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have decided as incident to, or essentially connected with, the subject-matter of the litigation, within the purview of the original action, either as matter of claim or of defense."

This language, if receiving no modification, might be deemed to be conclusive, and this court would be most reluctant to question the authority cited; but we find in the same case, and in the succeeding paragraph, that the court does not hold to this sweeping language; for it says that, "to ascertain what might have been determined in the former action, it is proper to look, beyond what appears on the face of the judgment, to every allegation which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings. Clemens v. Clemens, 37 N. Y. 59." It is not sufficient that the action should be between the same parties, and in respect to the same property. It must be shown that the particular cause of action has been before the court, and that it was passed upon in arriving at the judgment of the court. Suppose, for instance, that the defendant, while in the fraudulent possession of the property, had maliciously destroyed the plumbing, or had removed the mantels, or had materially deteriorated the value of the premises, which facts were unknown at the time of the pendency of the original action; would it be maintained that a previous adjudication of a controversy in respect to the title had disposed of an action for damages? Obviously, the mere fact that an action has been determined between the parties, which involved the same premises, is not a bar to an action to recover money which came into the possession of the defendant by reason of his presumed ownership of the property. "It is laid down," say the court in the case of Clemens v. Clemens, 37 N. Y. 73, "as well settled, that the estoppel extends, beyond what appears on the face of the judgment, to every allegation which, having been made on one side and denied on the other, was at issue and determined in the course of the proceedings. 2 Sm. Lead. Cas. p. 787; Outram v. Morewood, 3 East, 346, 355; Stevens v. Hughes, 31 Pa. St. 381." "The burden of proof," con-

tinued the court, "is, of course, on those who rely upon the estoppel, and they must show that the matter now in controversy has been already heard and determined. When, however, it is made to appear with sufficient clearness that a transaction has undergone a judicial investigation, the presumption will be irresistible that the judgment covered the whole, so far as it was entire and indivisible, and cannot be overcome except by the clearest proof that no evidence was given as to that fact by the plaintiff, or that the defendant failed to take advantage of a defense that might have been made available."

The principle is stated with even greater clearness in the case of Embury v. Conner, 3 N. Y. 511, where the court say:

"The general rule is that an allegation on record, upon which issue has been once taken and found, and a judgment has been rendered, is, between the parties taking it and their privies, conclusive, according to the finding thereof, so as to estop the parties, respectively, from again litigating that fact once so tried and found, whether it is pleaded in bar, or given in evidence, when it is proper to be given in evidence."

In the more recent case of Pray v. Hegeman, 98 N. Y. 358, the court, speaking through Judge Andrews, say:

"The general rule is well settled that the estoppel of a former judgment extends to every material matter within the issues which was expressly litigated and determined, and also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. It is not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action. Whatever is necessarily implied in the former decision is, for the purpose of the estoppel, deemed to have been actually decided."

That is, all collateral questions necessarily arising in the litigation are deemed to be merged in and determined by the judgment of the court, but this does not apply to questions which were not before the court, and which are, in themselves, sufficient to sustain a separate cause of action.

The same doctrine is emphatically asserted in the case of Hopkins v. Lee, 6 Wheat. 109, and Herm. Estop. § 105, quotes with approval the language of another that:

. "A judgment estops the parties only as to the grounds covered by it and the facts necessary to uphold it. Parties are not allowed to prove what is inconsistent with its rectitude and justice; for, while it stands unreversed, it is final as to the points decided, but not in respect to matters which the record itself shows were not in question."

In the case at bar the defendant relies wholly upon the record of the judgment in the previous litigation. He makes no effort to establish the fact that the question now in dispute was under consideration; and the mere incidental mention of the fact that the defendant was collecting rentals, made in the pleadings, is not sufficient to warrant the presumption that the court passed upon the question now in issue in determining the previous litigation, or that the right of the plaintiff to recover was necessarily involved in the determination or merged in the judgment.

The order of the county court affirming the judgment is affirmed. All concur.