AGNES M. HENDRICK, Respondent, v. LAURA BIGGAR, Appellant.

Evidence — when judgment roll in action for divorce inadmissible in action against co-respondent for alienation of affections.

1. A co-respondent may so become a party to an action for divorce, wherein allegations of adultery are made against him, that he will be bound by the adjudication therein under said allegations, in an action brought against him for alienation of affections. (Code Civ. Pro. § 1757, subd. 2.)

2. Where the judgment roll, in an action brought by a wife against her husband for absolute divorce, does not show that the co-respondent was a party to the action, such judgment is not binding upon her as to the issues of adultery tried therein, and it is reversible error to admit the judgment roll in evidence in an action thereafter brought by the wife against such co-respondent to recover damages for the alleged alienation of the affections of her husband.

*Hendrick* v. *Biggar*, 151 App. Div. 522, reversed.

(Argued October 28, 1913; decided November 25, 1913.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 26, 1912, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel I. Frankenstein* for appellant. The judgment roll in the divorce action of *Hendrick* v. *Hendrick* was absolutely inadmisssible, either conclusively or even presumptively. (*State* v. *Maguire*, 50 Iowa, 153.) Such judgment roll was inadmissible in evidence as it was irrelevant and immaterial, and intruded a false issue into the case — one on which the jury was liable to, and presumably did, err. (*Hopkins* v. *Lee*, 6 Wheat. 109; *McCarthy* v. *Heller*, 26 App. Div. 592; *Russell* v. *Place*, 94 U. S. 606; *Rowland* v. *Hobby*, 26 App. Div. 525.)

The judgment in the divorce action was not a judgment against the co-respondent named in that complaint, *i. e.*, this defendant, but a judgment only against the defendant in that action alone. (*Taylor* v. *Taylor*, 64 Ind. 356; *Holcomb* v. *Tift*, 54 Mich. 647; *Finnegan* v. *Manchester*, 12 Iowa, 521; *Haynes* v. *Backman*, 31 Pac. Rep. 746; *Boller* v. *Boller*, 111 App. Div. 240; *Mattison* v. *Mattison*, 203 N. Y. 79.) The operation of the judgment in the divorce action of *Hendrick* v. *Hendrick* not being mutual as between the plaintiff there and the co-respondent therein named, to wit, the defendant here, such judgment may not be used as an estoppel or as *res adjudicata*, either by the plaintiff against the co-respondent or by the co-respondent against the plaintiff. (2 Black on Judgments, § 548.) The judgment in the divorce action is not the primary proof of the adultery. It does not fix the liability of the co-respondent for alienation of affections, but only adjudges that the plaintiff there and here was entitled to a divorce from her husband because of his adultery. Nothing whatever is or could have been adjudged against this defendant. There is no judgment against her, and none was demanded against her. (*Hanor* v. *Housel*, 128 App. Div. 121; *Kuhn* v. *Hemmann*, 43 App. Div. 108; *Buchanan* v. *Foster*, 23 App. Div. 542; *Romaine* v. *Decker*, 11 App. Div. 20; *Churchill* v. *Lewis*, 17 Abb. [N. C.] 226; *Hodecker* v. *Stricker*, 39 N. Y. Supp. 515; *Warner* v. *Miller*, 17 Abb. [N. C.] 221; *Waldron* v. *Waldron*, 45 Fed. Rep. 315.)

*Charles Goldzier* and *Louis J. Vorhaus* for respondent. The judgment of divorce was competent proof of the adultery committed between the defendant and plaintiff's husband. (*Krekeler* v. *Ritter*, 62 N. Y. 372; Freeman on Judgments, §§ 128, 174; *Moore* v. *City of Albany*, 98 N. Y. 396; *Stearns* v. *S. & M. L. Co.*, 91 App. Div. 49; *Knickerbocker T. Co.* v. *T. W. P. & M. R. Co.*, 123 N. Y. Supp. 954; *Konitsky* v. *Meyer*, 49 N. Y. 571; *Vil-*

*lage of Port Jervis* v. *First Nat. Bank,* 96 N. Y. 550.)
Even if it were determined that the judgment of divorce
was not competent evidence against the defendant, this
would not justify a reversal of the judgment here, since
any error committed in its admission was entirely harm-
less. (*Post* v. *Brooklyn Heights R. R. Co.,* 195 N. Y.
62; *McGean* v. *M. R. R. Co.,* 117 N. Y. 219; *Allen* v.
*Allen,* 101 N. Y. 658; *Davis* v. *Davis,* 7 Daly, 308.)

HISCOCK, J.    This action was brought to recover
damages for the alleged alienation of the affections of
respondent's husband by appellant and thus far has
resulted in the affirmance of a judgment for thirty
thousand dollars for such cause.

The respondent sought to establish her cause of action
by proof amongst other things of adultery by her hus-
band with the appellant.    Part of this proposed proof
consisted of parol testimony concerning the relations of
said parties.    But in addition to this there was offered a
judgment roll in an action brought by respondent against
her husband wherein she was awarded an absolute divorce
on the ground of his adultery with the appellant and this
judgment roll was received, not under a plea of former
adjudication, but as evidence.    Its reception in this man-
ner, over proper objections, presents the main questions
which have been argued on this appeal and which are the
only ones necessary to be considered.

These questions are, *first,* whether a judgment in a
divorce action may under the provisions of section 1757
of the Code of Civil Procedure become an adjudication
binding the co-respondent as to issues of adultery tried in
such action where the co-respondent has become a party
to such action as provided in said section and contested, or
suffered default as to said issues after appearing to defend;
and, *second,* if this question be answered in the affirmative,
whether the evidence in this case establishes that appellant
did so become a party to the divorce action in question and

to the trial of the issues therein as to be bound by the judgment and make it evidence against her in this action.

So far as concerns the first question we believe that a co-respondent may so become a party to a divorce action wherein allegations of adultery are made against him that he will be bound by the adjudication therein at least for such purposes as are here involved.

Section 1757 of the Code, subdivision 2, provides: " In an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein. * * * If no such service be made, then at any time before the entry of judgment any co-respondent named in any of the pleadings shall have the right, at any time before the entry of judgment, to appear either in person or by attorney, in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such co-respondent. In case no one of the allegations of adultery controverted by such co-respondent shall be proved, such co-respondent shall be entitled to a bill of costs," etc.

This appeal presents for consideration one of the second class of cases where the co-respondent had not been originally served with a copy of the summons and complaint, but voluntarily appeared and demanded service of the latter, and in the first instance we shall consider an assumed case where the judgment roll in the divorce action duly discloses that a co-respondent has thus appeared and joined issue and contested the allegations of adultery made against him or, after service of the complaint and appearing to defend, has been duly placed in default on the trial of such issues. In such a case we see no reason why a judgment based upon the trial of such issues should not be an adjudication as to and binding upon such co-respondent. It is true that this section provides for a somewhat anomalous practice

and that a co-respondent acting under it does not in the ordinary manner become a party to the action and to the judgment rendered therein. Nevertheless, he does become a party to it in a manner which, although qualified, gives him a full opportunity to defend against and contest the particular allegations which affect him. Thus there is afforded that opportunity for a full and complete trial of these issues which calls for the application of the fundamental principle governing the general doctrine of *res adjudicata* that a party shall not be heard a second time on an issue which he has once been called upon and permitted to try and contest.

We do not think, however, that the evidence presented in this action of appellant's alleged participation in the divorce action so brings her within the principle which we have just stated as to make said judgment binding on her. The judgment roll does not in any manner disclose that she became a party to said divorce action. Evidence was offered outside of said judgment roll to the effect that she appeared in the action and demanded a copy of the complaint, and that a copy of said complaint was served upon the attorney who served this notice of appearance. It appears, however, that said attorney also represented the defendant in said action and it is not made at all clear that a copy of the complaint was served on him by reason of his appearance for this appellant rather than as attorney for the defendant in the divorce action. But in addition to this, there is no further evidence disclosing appellant's relations to said action. The judgment roll would seem to make it reasonably plain that she did not appear on the trial of the action and contest the allegations of adultery with her and there is no evidence to show that she ever answered in the action or that she was properly placed in default in not appearing upon the trial. Under these circumstances and with such absence of proof we are not willing to hold that she is bound by the judgment.

Properly the judgment roll itself should disclose the appearance by the co-respondent in such an action and that he either has appeared upon the trial or has been placed in default after appearing to defend, and we are not disposed to hold that the omission of the judgment roll so to do may be made good by extraneous evidence. But even if we were thus disposed to hold, the evidence in this case entirely fails to disclose those facts which would make the judgment binding upon the appellant, and, therefore, we think the evidence was improperly admitted.

It is urged that this error may be overlooked because there was other evidence tending to show the adultery of respondent's husband with the appellant, but that contention cannot be maintained. In the first place much of the parol testimony tending to show such misconduct was given by witnesses whose interest in this action was such that their testimony presented a question of credibility for the court, and, therefore, it may have been disregarded and the finding based on the judgment in question. In the second place, such judgment roll, if properly admitted, would have been and was held to be conclusive evidence, and, therefore, precluded the appellant from making that contest upon said issue which otherwise she might have made. (*Embury* v. *Conner,* 3 N. Y. 511, 524; *McCarthy* v. *Hiller,* 26 App. Div. 588, 591.)

For these reasons we think the judgment must be reversed and a new trial granted, costs to abide event.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CHASE, HOGAN and MILLER, JJ., concur.

Judgment reversed, etc.