### RAYMOND v. WILLISTON.

(District Court, E. D. New York. April 23, 1914.)

1. DIVORCE (§ 76*)—NOTICE TO CORESPONDENTS—PURPOSE OF STATUTE.

The purposes of the New York statute, permitting notice in divorce actions to be given to the person named as corespondent, and permitting him to seek to defeat the divorce or to clear his own name, are to prevent injustice by making it possible to have a full representation in the case of the persons concerned, or to obtain such evidence as should be heard, and to give the corespondent a standing in court to defend himself, if he so wishes.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 247–250, 255; Dec. Dig. § 76.*]

2. DIVORCE (§ 172*)—JUDGMENT—CONCLUSIVENESS—PARTIES CONCLUDED.

Notwithstanding the New York statute, authorizing notice in divorce suits to corespondent, and authorizing the corespondent to defend, where, though the pleadings were served on the corespondent, he did not appear or defend, the judgment was not an adjudication as between the plaintiff and the corespondent.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 559–561; Dec. Dig. § 172.*]

At Law. Action by Arthur J. Raymond against James R. Williston. On motion to strike. Granted in part.

See, also, 213 Fed. 527.

Jones, McKinny & Steinbrink, of New York City, for plaintiff.
Royall Victor, of New York City, for defendant.

CHATFIELD, District Judge. Application has been made to strike out paragraph 3 of the complaint, as shown by the record upon removal.

It appears that, in an action for divorce brought by Arthur J. Ray-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mond (the plaintiff here) against his wife, the defendant in this action (James R. Williston) was named as corespondent and was served with the pleadings in the divorce action. He did not appear or defend, and judgment on the merits against the wife was entered granting divorce. According to the papers, this judgment was based upon acts alleged to have been committed with the said Williston.

The paragraph sought to be stricken out recites this interlocutory decree of divorce, based upon the service of process above referred to, and in effect is equivalent to the pleading of a judgment on default in an action in which the rights of the same parties as those in this present suit had been determined.

[1, 2] The provisions of the New York law, by which notice may be given to a person named as corespondent in an action for divorce, and under which that corespondent may seek to defeat the divorce or to clear his own name, may be said to have two purposes: (1) To prevent injustice by making it possible to have a full representation in the case of the persons concerned or to obtain such evidence as should be heard; and (2) to give a corespondent standing in court to defend himself, if he so wishes.

A decree, however, relates only to the parties who are before the court, and the party bringing the suit cannot compel the corespondent to submit himself to the jurisdiction of the court in any way.

It would seem, therefore, that the determination of an action for divorce should be held as an adjudication as between the plaintiff in the divorce action and some one named as corespondent, only with respect to any issue upon which the corespondent has been heard or had his day in court. Billings v. Billings, 73 App. Div. 69, 76 N. Y. Supp. 628.

A long discussion of this question would seem to be unnecessary. In the case of Hendrick v. Biggar, 209 N. Y. 440, 103 N. E. 763, the proof presented by the judgment roll, in an action for divorce, was held inadmissible as evidence against the corespondent, unless the corespondent has appeared in the action and the decree has been entered against the corespondent upon the issue of fact contested by him.

The question presented upon this motion is really one of admissibility of evidence upon the trial, and there is no need of a ruling at the present time, aside from the situation created by the interposition of a demurrer to the complaint and by the necessity of an answer if this demurrer be overruled.

In order to simplify the pleading and to dispose of the question in advance of the hearing upon demurrer, it will be held, therefore, that paragraph 3 should be stricken out to such an extent, as it charges the defendant Williston with being a party to the suit or decree for divorce, and no attempt will be made to rule upon the admissibility as to the decree of divorce or the record of the divorce action itself, but that question will be reserved for consideration of any objection to the receipt of evidence upon the trial.