THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL J. SHIPLEY and Another, Appellants.

Third Department, March 19, 1930.

*James S. Kiley*, for the appellants.

*Hamilton Ward, Attorney-General [John O. Bates, Deputy Assistant Attorney-General*, of counsel], for the respondent.

HILL, J.   The State of New York is the plaintiff in this action to recover possession of a part of lot No. 14, township 15, in the town of Indian Lake, Hamilton county.   The land is a part of the Forest Preserve of the State of New York, and is also within the Adirondack Park.   The defendants received a deed dated October 19, 1917, from Edna Galusha.   She received her title from Patrick Moynehan by a deed dated June 15, 1893.   Moynehan had no written title to the premises, but claimed them by an oral conveyance from one John Maginn who was an official and agent of the Indian Lake Company, a corporation engaged in lumbering.

The State received a deed from the last-mentioned company dated September 2, 1897, and a tax deed dated March 4, 1899, the sale of the land for taxes having taken place on December 16, 1890.   The deed from the Indian Lake Company conveyed all of township 15.   But it contained the statement that " a part thereof having been heretofore sold and conveyed " a refund of two dollars and fifty cents an acre would be made to the State for such land as was successfully claimed by any prior grantee.   The defendants urge that this reservation excepted lot 14 which had been orally conveyed.   It is not necessary to consider or decide this question, as the facts proven clearly indicate that the tax deed is valid.   It is attacked upon the ground that the notice to redeem which the then existing statute required shall be served upon an occupant was not served.   No notice was given, but the finding of the trial court that lot 14 was unoccupied at all times between the tax sale in 1890 and the termination of the period of redemption on December 23, 1892, is sustained by the evidence.   Title by adverse possession had not ripened prior to the time when the State received its deed.   Adverse possession will not run against the State as to lands in the Forest Preserve.   (*People* v. *Baldwin*, 197 App. Div. 285; affd., 233 N. Y. 672.)

In 1915 the State was defeated in an action brought against defendants' grantor Galusha to obtain title to lot 11 which joins lot 14.   The trial court in that case decided that Mrs. Galusha had obtained title by adverse possession.   That judgment is not *res judicata* here, as it had to do only with lot 11, while the premises

involved in this litigation are a part of lot 14. (*Rudd* v. *Cornell*, 171 N. Y. 114.)

The judgment should be affirmed, with costs.

VAN KIRK, P. J., HINMAN and WHITMYER, JJ., concur; HASBROUCK, J., dissents, with an opinion.

HASBROUCK, J. (dissenting). There are two reasons why the State should not succeed, and why the judgment for plaintiff should be reversed. Both are founded on the principle of estoppel.

The judgment in the action of ejectment brought by the State not only estops the State from trying again the title to lot No. 11, in Totten & Crossfield's Purchase, but from trying the title to the lands about the house, part of which are lot No. 14 (*People ex rel. Lake Placid Co.* v. *Williams*, 145 App. Div. 34; *People ex rel. Chase* v. *Wemple*, 144 N. Y. 478), which were part of the defendant Galusha's occupancy and possession in 1895 as found by the trial court.

The State was put upon inquiry and did, when it brought ejectment against Edna Galusha, make an inquiry as to what Edna Galusha occupied. It had the means of inquiring of game protectors, fire wardens, Superintendent of Lands and Forests and a Division of Parks, or similar officers and employees by whatever name known at the time in question. (Conservation Law.) That inquiry disclosed her occupancy not only of lot No. 11, but of the property of the land in question. (Finding 59, p. 31.)

The question arises, did the State know when it brought its action against Edna Galusha that she occupied part of lot No. 14, involved in the action at bar in connection with lot No. 11? When a person knows or ought to know of the existence of a fact is described with great accuracy by COLLIN, J., in *Fidelity & Deposit Co.* v. *Queens County Trust Co.* (226 N. Y. 225, 233): " One who has reasonable grounds for suspecting or inquiring ought to suspect, ought to inquire, and the law charges him with the knowledge which the proper inquiry would disclose. Actual notice may be proved by direct evidence or it may be inferred or implied. Actual knowledge is not required. Actual notice embraces all degrees and grades of evidence, from the most direct and positive proof to the slightest circumstance from which a jury would have been warranted in inferring notice. If a person has knowledge of such facts as would lead a fair and prudent man, using ordinary thoughtfulness and care, to make further accessible inquiries, and he avoids the inquiry, he is chargeable with the knowledge which by ordinary diligence he would have acquired. Knowledge of facts, which, to the mind of a man of ordinary prudence, beget inquiry, is actual

notice, or, in other words, is the knowledge which a reasonable investigation would have revealed."

This quotation is to show that at the time the State brought its action against Edna Galusha to recover lot No. 11, it knew it had an action for that part of lot No. 14, for the recovery of which the action at bar is brought and that it was adversely held like the rest of Galusha's land.

The occupation of Edna Galusha was open, notorious, continuous and adverse and had existed from 1895 to the time when the action was brought against her. Under such circumstances it seems to me that the judgment introduced in evidence in the former action between the State and Edna Galusha constituted a bar. The rule is that a bar exists " ' in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because * * * [the State has], from negligence, inadvertence, or even accident, omitted a part of their [its] case.' " (*Beloit* v. *Morgan*, 7 Wall. [U. S.] 619.)

Judge VANN, an official referee, found: " That Edna Galusha and her predecessor in title had occupied the premises described in the complaint (Lot No. 11, Township 15, Totten & Crossfield's Purchase) openly, notoriously, continuously, and adversely under a claim of title thereto * * * for a sufficient length of time before the commencement of this action to entitle her to the possession and ownership thereof by adverse possession." The open, notorious, continuous and adverse possession of that part of lot No. 14 north of the lake was indicated by substantial structures, a dwelling house and barn, the cleared meadow part of which was on that lot (fol. 194) and by the brush fence (fol. 211) and by contiguity to lot No. 11. (*People ex rel. Lake Placid Co.* v. *Williams, supra.*) The tax sale of 1890 of lot No. 14 would have been available to the State as a source of title in the Galusha action. The claim of title of Edna Galusha used by her in the action of the State against her is the same claim of title that the Shipleys as privies to Edna Galusha have used in the action at bar. Edna having been adjudicated the owner of part of the parcel to which the State might have made claim to the whole, but neglected to do so, became the owner of the whole of the parcel to which her claim of title showed she was the owner. (Civ. Prac. Act, § 38, subd. 3; *Donhoue* v. *Whitney*, 133 N. Y. 178.)

The judgment in the action of ejectment never has been questioned by obtaining prior to September 1, 1911, a second judgment (Code Civ. Proc. §§ 1525, 1527; █ 1 Weed Practical Real Estate Law,

419) nor by an appeal to the Appellate Division. The judgment stands. It is conclusive as to all of the land occupied whose title should have been put in issue upon the trial. (Civ. Prac. Act, § 1009.)

The only answer the State has to this contention of the defendants Shipley is, that it did not know that the land in the Shipley suit at the time it brought its action against Edna Galusha was claimed adversely by Edna Galusha.

The case here of the Shipleys is that the State has negligently, inadvertently or accidentally, to put it mildly, failed to make the subject of its litigation all of the lands occupied by Edna Galusha adversely to it. The reason of the rule of estoppel by judgment is that the citizen should not be permitted to be annoyed by two suits when the matters in difference should be determined in one.

As HISCOCK, J., said: " Thus there is afforded that opportunity for a full and complete trial of these issues which calls for the application of the fundamental principle governing the general doctrine of *res adjudicata* that a party shall not be heard a second time on an issue which he has once been called upon and permitted to try and contest." (*Hendrick* v. *Biggar*, 209 N. Y., 440, 444.)

HOGAN, J., in *Hull* v. *Hull* (225 N. Y. 342, 353, 354), states the rule: " In the application of that principle [*res adjudicata*] consideration must be given to a further rule of law that a judgment is final and conclusive upon all matters which might have been litigated and decided in the action."

The result of the failure of the State to include in its action against Edna Galusha the lands claimed now by defendants Shipley, has been to unduly annoy the Shipleys as privies of Edna Galusha in this action.

To put the case of the defendants concretely, they claim that Edna Galusha established her ownership to the lands described in the former action by adverse possession for twenty years under a claim of title; and that the lands so adjudicated to be owned by her were part of the lands occupied under the same claim of title adversely by her. Such other part of her lands are the lands in suit. Estoppel by judgment constitutes the protection of the defendants against trying a second time the title of Edna Galusha to the lands so occupied by her. (34 C. J., Judgments, p. 906; *Southern Pacific R. R.* v. *United States*, 168 U. S. 1.)

The conduct of the State seems inequitable and unjust. As has been pointed out, it knew the extent of the claim of ownership by Edna Galusha, it observed the defendants erecting the substantial buildings of a summer camp on the shores of Indian lake and never made claim to the Shipleys that they were building upon lands

claimed to be owned by the State. Such acts constitute the second ground of estoppel.

The State in this action does not claim that it did not know of the building by the Shipleys upon lands in question about the year 1917. Among the powers of the Conservation Commissioner is to bring actions in ejectment and trespass. That power involves the power to restrain persons claiming lands owned by the State from building upon them. (Conservation Law, § 50, subd. 11, ¶ c, as added by Laws of 1916, chap. 451; since amd. by Laws of 1928, chap. 242.) In suffering the Shipleys to build without restraint, it seems to me, the State violated one of the oldest and soundest of equitable principles. " Lord MANSFIELD would not suffer a man to recover even in ejectment at law who had stood by and seen the defendant build upon his land." (Storrs v. Barker, 6 Johns. Ch. 168; The King v. The Inhabitants of Butterton, 6 Durnford & East, 554.)

It is true that the defendants have not pleaded the defense of res adjudicata but they have proved it. It was an issue presented by the introduction of the report of the referee and judgment had in the action between the State and Edna Galusha.

The answer, being insufficient, can be amended by the trial court or by an appellate court where the issue is not altered.

The answer should be ordered amended to conform to the proof on the issue raised thereby.

The judgment should be reversed and the complaint dismissed.

Judgment affirmed, with costs.