17091

LAVONIA M. GREEN, Appellant, v. WILLIAM L. GREEN, Respondent

(90 S. E. (2d) 253)

*Messrs. J. Manning Poliakoff* and *Poliakoff & Poliakoff,* of Aiken, and *Poliakoff & Poliakoff,* of Spartanburg, *for Appellant,*

*Messrs. Brown, Turner & Brown,* of Spartanburg, *for Respondent,*

November 22, 1955.

OXNER, Justice.

This action was brought on February 17, 1953, by a wife against her husband for a divorce *a vinculo matrimonii* on the grounds of physical cruelty and desertion, and for the custody of their six-year-old daughter. The complaint was later amended by adding habitual drunkenness as a ground for the relief sought. The husband denied all of these charges and by way of cross-action sought a divorce from his wife on the ground of adultery, and asked that he be given custody of the child. Thereafter an order was issued granting temporary custody of the child to the mother and allowing her alimony *pendente lite* and suit money.

The case was referred to the Master before whom the testimony was taken on August 17, 1953. He filed a report on November 5, 1953, in which he recommended (1) that the divorce sought by the wife be denied, (2) that the husband be granted a divorce upon the ground of adultery, and (3) that the custody of the child be awarded to its father, and (4) that the wife be denied any further allowance for alimony or suit money. Upon exceptions by the wife to this report, the matter was heard by the County Judge, who thereafter on June 10th filed an order overruling all exceptions and adopting the report of the Master. The case is here on appeal by the wife from this decree.

Appellant vigorously challenges the correctness of the conclusions reached by the Master and County Judge. She contends that their findings of fact are against the clear preponderance of testimony and are based in part upon incompetent evidence. She asks that she be granted a divorce with an appropriate allowance for alimony and counsel fees, and that she be awarded custody of the child. The only question, however, we need consider on this appeal is whether the Court below considered incompetent evidence in reaching the conclusion that appellant was guilty of adultery.

The parties were married in the City of Spartanburg on February 7, 1947. Their married life has not been a harmonious one. They have been separated on numerous occasions. The final separation occurred some time during the year 1951. Their only child was born on August 13, 1948.

Respondent sought to establish the charge of adultery by two witnesses. One was a married woman who testified that during the latter part of 1950, she and appellant went out one night with two men to a motor court near Spartanburg where each couple had illicit relations.

The other witness was Clarence Earl Kanipe who had known both appellant and respondent for a long number of years. Kanipe testified that he had sexual intercourse with appellant in September, 1949, that he did not go with her again until the fall of 1951, but beginning about that time and continuing for approximately a year he had illicit relations with appellant about three times a month. During a part of the period when he claims that he was having this clandestine relationship with appellant, he says his wife was "dating" respondent. Over objection of appellant's counsel, he was permitted to testify that his wife had obtained a divorce from him on the ground of adultery with appellant.

During the cross examination of appellant, counsel for respondent offered in evidence the judgment roll in the case

of *Kanipe v. Kanipe*. Appellant's counsel vigorously objected to the receipt of this evidence. The Master stated that he was for the time being withholding his ruling. The judgment roll mentioned, which is set out in full in the record on appeal, discloses the following facts: In January, 1953, Doris Kanipe brought an action against her husband, Clarence Earl Kanipe, for a divorce on the ground of adultery. It was alleged in the complaint that he committed adultery with Lavonia Green (appellant here) in September, 1949, which she learned about in the spring of 1951, and thereupon separated from her husband. Kanipe defaulted and a hearing was had before the County Judge in April, 1953. The plaintiff in that case testified that her husband had admitted to her that he had sexual intercourse with Lavonia Green in September, 1949. Also in this record is an affidavit by Kanipe, in which he stated that between September, 1949 and November, 1952, he had illicit relations with Lavonia Green "probably two dozen times or more." On April 30, 1953, the County Judge issued a decree granting Doris Kanipe a divorce upon the ground of adultery.

In reply, appellant vehemently denied ever having committed adultery with Kanipe or anyone else. She further disclaimed any knowledge of having been named as the paramour in the divorce proceeding by Mrs. Kanipe.

The record does not disclose what conclusion the Master reached as to the admissibility of the judgment roll in the *Kanipe case*. It is not mentioned in his report. We have no way of knowing what consideration, if any, he gave to this evidence. He did, however, as previously pointed out, permit Kanipe, over objection of appellant's counsel, to testify that his wife obtained the divorce from him on the ground that he had committed adultery with appellant. The County Judge evidently regarded the Kanipe judgment roll as admissible and gave some weight to it, for in his decree it is stated:

"The findings of fact announced in the Master's Report are fully supported by evidence and testimony. The testi-

mony of the witness Clarence Earl Kanipe, which begins on Page 52 of the Transcript, is corroborated by documentary evidence in the form of a judgment roll wherein this Court granted a divorce to the wife of Clarence Earl Kanipe by reason of his adultery with plaintiff in the present action."

The testimony in the *Kanipe case* was clearly incompetent. The adjudication there made on the issue of adultery was not binding on appellant, who was not made a party to that proceeding and never given any opportunity to be heard. *Hendrick v. Biggar,* 209 N. Y. 440, 103 N. E. 763; *Raymond v. Williston,* D. C., 213 F. 525; *Rediker v. Rediker,* 35 Cal. (2d) 796, 221 P. (2d) 1, 20 A. L. R. (2d) 1152. Respondent states in his brief that the judgment roll in the *Kanipe case* "was used merely to prove the fact of its rendition and was not used to establish the facts upon which it was rendered." But it was not offered for this limited purpose but generally, and was relied on by the County Judge in concluding that appellant had committed adultery with Kanipe. We may add, however, that the judgment roll would not be admissible even for the restricted purpose now stated by respondent. The mere fact that Doris Kanipe had obtained a divorce from her husband was of no relevancy in determining the question of whether appellant had committed adultery.

Finally, respondent contends that the error, if any, in the admission of this judgment roll was harmless because there was abundant other evidence tending to show the adultery of appellant with Kanipe. It is true that where a trial is had before the court without a jury, the admission of incompetent evidence does not necessarily require reversal, particularly where there is no reasonable probability that such evidence had any effect on the result. 3 Am. Jur., Appeal and Error, Sections 1037 and 1039. Some courts hold that there is a presumption that the incompetent evidence was disregarded and the issue determined from a consideration of the competent evidence only.

But we do not think these principles can soundly be applied to the situation before us.

One of the crucial issues in the case is the credibility to be given the testimony of Kanipe, an alleged paramour, and of the married woman who admitted that on the occasion mentioned by her she also committed adultery. Under such circumstances, corroborative testimony is of great importance. While we do not know what conclusion the County Judge would have reached without the aid of the judgment roll in the *Kanipe case*, it is apparent that he was influenced by it in reaching his conclusion.

We cannot say the admission of this evidence was not prejudicial. A contention similar to that now made by respondent was considered and overruled by the Court of Appeals of New York in *Hendrick v. Biggar, supra*.

There must be a new trial on account of error in the admission of testimony. We are not to be understood as intimating any opinion as to the sufficiency of the evidence, with the judgment roll in the *Kanipe case* eliminated, to sustain the charge of adultery. Nor shall anything said herein be construed as indicating our view as to any other phase of the case. The conclusion of the Court that the custody of the child should be awarded to the father was doubtless based, in part at least, on the finding that he was the innocent spouse. The other conclusions of the Court may also have been predicated on the fact that appellant was guilty of adultery. It follows that the decree of the Court below must be reversed in its entirety and on another trial the Court will pass upon all issues raised by the pleadings.

After this case was docketed, we heard a motion by appellant for an order suspending the appeal and permitting her to move in the Court below for a new trial on the ground of after-discovered evidence. The alleged newly discovered evidence consists of a certificate by the Judge of Probate of Horry County to the effect that respondent and Doris Kanipe were married on September 6, 1954. On June 16, 1955,

an order was issued by this Court deferring decision on the motion until the case could be heard on the merits. Further consideration of the motion is unnecessary in view of our decision to grant a new trial.

The decree of the County Court is reversed and the case remanded for a new trial.

STUKES, TAYLOR and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.