THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Lisa H. and
 David R., Defendants,
  
 Of
 whom Lisa H. is the Appellant.                  
 In
 the Interest of: 
 N.R.,
 a minor child under 
 the
 age of 18 years.
 
 
 

Appeal From Aiken County
 Peter R. Nuessle, III, Family Court Judge
Unpublished Opinion No. 2010-UP-217
Submitted March 1, 2010  Filed March 16,
 2010
AFFIRMED

 
 
 
 A. Shane Massey, of Aiken, for Appellant.
 Dennis M. Gmerek, of Aiken, for Respondent.
 Patrick A. McWilliams, of Aiken, for Guardian ad Litem.
 
 
 

PER CURIAM:  Lisa H. (Mother) appeals the family court's decision
 to terminate her parental rights to her minor child, N.R. (Child).  See S.C. Code Ann. § 63-7-2570 (2008).  Mother argues the family court erred
 in considering six unfounded reports of child abuse and neglect and in
 considering Mother's arrest history when it made the decision to terminate
 Mother's rights.  We affirm.  
FACTS
Child entered
 foster care for the first time in September of 2004, after Mother admitted in a
 police report she used illicit drugs and left Child unattended.  Mother
 eventually complied with her court ordered treatment plan, and Child was
 returned to her custody in November of 2005.  Child entered foster care for the
 second time after Mother was arrested for burglary and no one was available to
 care for Child.  Mother again complied with her treatment plan, and Child was
 returned to her custody in July of 2008.  Child entered foster care for the
 third time in August of 2008, due to Mother's arrest on driving under the
 influence (DUI) charges.  No adult was available to take care of Child.  The
 family court approved the South Carolina Department of Social Services' (the
 Department) recommendation for termination of parental rights (TPR) and
 adoption after Child entered foster care for the third time.  
During
 the TPR hearing, a case worker for the Department testified regarding six
 unfounded reports of abuse or neglect regarding Mother and Child.  The
 unfounded reports at issue in this case included: three reports stating Mother
 was using illegal drugs around Child; one report stating Mother left Child
 alone in a car; one report stating Child was being physically abused; and one
 report stating Mother left Child in the care of a man being treated for
 depression and alcohol addiction.  Mother objected, arguing the admission of
 these unfounded reports was more prejudicial than probative, and moreover, the
 reports were irrelevant.  The family court overruled Mother's objection and
 allowed the Department's case worker to testify regarding all six unfounded
 reports of abuse or neglect.  
Mother
 testified during the TPR hearing and admitted she had been arrested four or
 five times since Child's birth.  The Department asked Mother about two
 1985 convictions, one for DUI and the other for a property crime.  Mother
 immediately objected, arguing these crimes were inadmissible because they were
 both over ten years old and did not carry a term over one year's imprisonment. 
 The family court first sustained Mother's objection, but later changed its
 stance and overruled the objection.  The family court also allowed the
 Department to ask Mother about a 1995 arrest for an open container in her car.  Mother explained her 2008 DUI arrest charge was reduced to reckless
 driving.  The Department entered a copy of Mother's arrest history into
 evidence over Mother's objection.  The arrest history included a 2007 arrest
 for first-degree burglary, two separate 2005 arrests for disorderly conduct,
 and a 2002 arrest for providing false information to a police officer.  
The guardian
 ad litem's (GAL) report noted Child told troubling stories about living with
 Mother, including the following:

 Child
 tells stories of things that happened when he lived with mom, e.g., mom
 attacked the pool with a knife, mom sleeps with him without her shirt on, a man
 sleeps with him and had a heart attack, cats scratching him, dogs biting him,
 somebody shooting out of the back window of mom's car, dad chasing mom down the
 street and beating her up, being held underwater in the bathtub so he couldn't
 breathe.

The GAL also noted Child was
 overly affectionate with women, used profanity and profane gestures, and had
 recurring nightmares when he entered foster care for the second time in July of
 2007.  Finally, the GAL report stated Child is "much better adjusted since
 entering foster care.  He plays well with other children and enjoys his current
 home.  He listens to and obeys authoritative figures.  He has even gone off his
 medication at the request of his doctor."  The GAL recommended
 termination of Mother's parental rights because of her instability and
 inability to care for Child. 
The
 family court's final TPR order found Mother's rights should be terminated on
 the following statutory grounds: (1) physical neglect or substantial risk of
 physical neglect and because of the severity or repetition of the abuse or
 neglect, it was not reasonably likely that the home could be made safe within
 twelve months and (2) Child
 was in foster care under the responsibility of the state for fifteen of the
 most recent twenty-two months.  See S.C. Code Ann. § 63-7-2570(1), (8) (2008).  The
 family court noted the Department received nine reports involving Child and
 Mother, and while six of the reports were unfounded, at least three were
 indicated and resulted in Child being placed in foster care.  The family
 court described the conduct that resulted in Child entering foster care,
 including Mother's use of illegal drugs, Mother's criminal activity, and
 Mother's misuse of alcohol.  The order did not explicitly mention any of
 Mother's remote convictions or arrests.  The family court also found TPR was in
 Child's best interest.  Finally, the order noted adoption
 services accepted Child for placement, and the Department identified a number
 of potential resources for Child.  This appeal followed.   
LAW/ANALYSIS
After reviewing the record on appeal, and we find the
 statutory grounds for TPR were supported by clear and convincing evidence.  Charleston
 County Dep't of Soc. Servs. v. Jackson, 368 S.C. 87, 95, 627 S.E.2d 765,
 770 (Ct. App. 2006) (noting in an appeal from a TPR, an appellate court
 may review the record and make its own determination of whether the grounds for
 termination are supported by clear and convincing evidence).  Specifically,
 Child was in foster care under the responsibility of the state for fifteen of
 the most recent twenty-two months.  S.C. Code Ann. § 63-7-2570(8) (2008).  In
 addition, the Department entered three indicated reports of abuse and neglect,
 which resulted in Child entering foster care on three separate occasions.  We
 believe this evidence was sufficient to demonstrate a repetitive history of
 abuse and neglect such that it was not reasonably likely the home could be made
 safe within twelve months.  S.C. Code Ann. § 63-7-2570(1) (2008).  Finally, the
 GAL's report recommended termination would be in Child's best interest due to
 Mother's instability and inability to care for Child.  § 63-7-2570; S.C.
 Dep't of Soc. Servs. v. Smith, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct.
 App. 2000) ("In a [TPR] case, the best interests of the child are the
 paramount consideration.").
Mother
 argues the family court erred in admitting six unfounded reports of abuse and
 neglect and in considering Mother's arrest history.  However, we do not believe
 Mother can demonstrate any prejudice from the admission of this arguably
 irrelevant evidence.  See Brown v. Allstate Ins. Co., 344 S.C.
 21, 27, 542 S.E.2d 723, 726 (2001) ("A trial judge's role in a bench trial
 is to admit all evidence and then evaluate it in a non-jury setting."); Green
 v. Green, 228 S.C. 364, 369, 90 S.E.2d 253, 255 (1955) (noting "where
 a trial is had before the court without a jury, the admission of incompetent
 evidence does not necessarily require reversal, particularly where there is no
 reasonable probability that such evidence had any effect on the result"). 
 The family court did not appear to rely on the unfounded reports in its final
 termination order, nor did it mention Mother's criminal history aside from the
 three indicated reports of abuse.  In addition, we find the statutory grounds
 for termination and best interest of Child were supported by clear and
 convincing evidence.  Therefore, we believe the family court's error, if any,
 in admission of this incompetent evidence was harmless.  S.C. Dep't of
 Social Servs. v. Janice C., 383 S.C. 221, 226, 678 S.E.2d 463, 466 (Ct.
 App. 2009) (finding any error by the family court was harmless because the
 appellate court determines its own findings from the record as to whether clear
 and convincing evidence supports the termination of parental rights). 
AFFIRMED.[1]
HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.