**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rebecca L. Askins-Weaver, Respondent,

v.

Jeffrey R. Weaver, Appellant.

Appellate Case No. 2017-002511

———————

Appeal From Darlington County
Salley Huggins McIntyre, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-124
Submitted April 1, 2020 – Filed May 6, 2020

———————

**AFFIRMED**

———————

John D. Elliott, of the Law Offices of John D. Elliott
P.A., of Columbia, and Kevin Mitchell Barth, of Barth,
Ballenger & Lewis, LLP, of Florence, both for Appellant.

James H. Lucas, of Lucas Warr & White, of Hartsville,
for Respondent.

———————

**PER CURIAM:** Jeffrey R. Weaver (Husband) appeals the family court's final order, arguing the family court erred by (1) awarding fifty percent of his military retirement to Rebecca L. Askins-Weaver (Wife) and assigning him 100% of the debt for an airplane; (2) relying on inadmissible expert testimony to make its

equitable apportionment of the marital estate; and (3) ordering him to pay attorney's fees and expert fees.  Husband also argues he was prejudiced by the family court's failure to issue its final order within thirty days of trial, as required by Rule 26(c), SCRFC.  We affirm.

1.  As to whether the family court erred by awarding fifty percent of Husband's military retirement to Wife and 100% of the airplane debt to Husband, we find no error because the record shows the overall apportionment of the marital estate was equitable and fair.  *See Stoney v. Stoney*, 422 S.C. 593, 596, 813 S.E.2d 486, 487 (2018) ("[T]he proper standard of review in family court matters is de novo . . . ."); *Brown v. Brown*, 412 S.C. 225, 235, 771 S.E.2d 649, 654 (Ct. App. 2015) ("In reviewing a division of marital property, an appellate court looks to the overall fairness of the apportionment."); S.C. Code Ann. § 20-3-620(B) (Supp. 2019) (providing fifteen factors the family court must weigh when apportioning a marital estate).  The total value of the marital estate, including all marital assets and debts, was $1,587,189.27.  The family court divided the marital estate equally between Husband and Wife such that they each received a net award of $793,594.64.  Because the family court accounted for both the assets and debts when apportioning the marital estate, and the overall apportionment of fifty percent of the marital estate to each spouse is fair, we find the family court did not err.  *See Wilburn v. Wilburn*, 403 S.C. 372, 390, 743 S.E.2d 734, 744 (2013) ("On appeal, we must review the fairness of the overall apportionment, and if equitable, we will uphold it regardless of whether we would have weighed specific factors differently.").

2.  As to whether the family court erred by relying on inadmissible expert testimony to award fifty percent of Husband's retirement to Wife, we find no error because Husband failed to show the family court relied on the arguably inadmissible testimony to apportion the marital estate.  *See Brown v. Allstate Ins. Co.*, 344 S.C. 21, 25, 542 S.E.2d 723, 725 (2001) (finding no error occurred because the record contained no evidence the circuit court relied on incompetent evidence to reach its decision, or could not have otherwise reached the same result); *Green v. Green* 228 S.C. 364, 369, 90 S.E.2d 253, 255 (1955) (noting "where a trial is had before the court without a jury, the admission of incompetent evidence does not necessarily require reversal, particularly where there is no reasonable probability that such evidence had any effect on the result").  The family court stated in its final order, "After reviewing the case law . . . and after hearing the testimony of Wife'[s] expert, . . . it is clear to the [c]ourt that [Husband's military retirement] is a marital asset subject to equitable division."  Thus, the family court relied on the expert's testimony to determine Husband's

military retirement was marital property subject to equitable apportionment. However, the family court's final order did not reference the expert's testimony when it awarded fifty percent of Husband's military retirement to Wife. Thus, the record contains no evidence the family court relied on inadmissible expert testimony to award fifty percent of Husband's military retirement to Wife.

3. As to whether Husband was prejudiced by the family court's failure to issue its final order within thirty days of the trial, we find this argument was not raised to the family court and thus is not preserved. *See Doe v. Roe*, 369 S.C. 351, 375-76, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *id.* at 376, 631 S.E.2d at 330 ("An issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e)[, SCRCP,] motion to alter or amend the judgment.").

4. As to whether the family court erred by ordering Husband to pay $3,500 in attorney's fees and costs, we find no error because the family court's final order shows the court properly considered the *E.D.M.*[1] and *Glasscock*[2] factors and correctly found Husband's attempt to exclude his retirement from the equitable apportionment was unreasonable and caused Wife to incur unnecessary fees and costs. *See Dickert v. Dickert*, 387 S.C. 1, 10-11, 691 S.E.2d 448, 453 (2010) (holding the family court did not err by awarding attorney's fees and costs because the court properly considered the *E.D.M.* and *Glasscock* factors); *see also Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223 (2012) ("[The appellate court] review[s] the family court's grant of attorney's fees de novo."); *E.D.M.*, 307 S.C. at 476-77, 415 S.E.2d at 816 ("In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay [his] own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) effect of the attorney's fee on each party's standard of living."); *Glasscock*, 304 S.C. at 161, 403 S.E.2d at 315 (stating the family court should consider the following factors to determine the amount of an attorney's fees award: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services").

---

[1] *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).
[2] *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

5.  As to whether the family court erred by ordering Husband to pay $3,683 in expert fees, we find no error because the record shows Husband's unreasonable position regarding his military retirement caused Wife to incur unnecessary fees and costs, including fees and costs to hire an expert in military retirement and benefits.  *Cf. Thornton v. Thornton*, 428 S.C. 460, 481, 836 S.E.2d 351, 362 (Ct. App. 2019) (affirming the family court's award for reasonable expert fees that were necessary to obtain a beneficial result); *Ellerbe v. Ellerbe*, 323 S.C. 283, 298, 473 S.E.2d 881, 889 (Ct. App. 1996) ("Reimbursable expenses [under sections 20-3-120 and -130 of the South Carolina Code (2014)] include reasonable and necessary expenses incurred in obtaining evidence of a spouse's infidelity.").

**AFFIRMED.**[3]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.